In the Matter of the Application of PHILIP CASHMAN, for Leave to Withdraw His Resignation and for Reinstatement as a Member of the Bar.

First Department, February 7, 1941.

*Ralph Stout* of counsel [*Callaghan, Stout & Nova*, attorneys], for the motion.

*Einar Chrystie* of counsel for The Association of the Bar of the City of New York, opposed.

PER CURIAM. The respondent has applied for an order granting him leave to withdraw his resignation and for reinstatement to membership in the bar.

He was disbarred by order of this court on March 1, 1937. Prior thereto his professional conduct had been under investigation by the accident frauds bureau of the New York county district attorney's office. That investigation disclosed facts which would have resulted in charges of professional misconduct, including the handling of numerous fraudulent cases, solicitation and other unethical practices while associated with one Bornstein. The latter was arrested, convicted and sentenced as a result of said investigation. Rather than face charges the respondent resigned from membership in the bar and consented to the entry of an order striking his name from the roll of attorneys. At that time he filed an affidavit in which he stated, among other things: " I am tendering my consent and resignation for the reason that I have been under investigation by the said Accident Frauds Bureau of the District Attorney's Office of the County of New York, and in the event that disciplinary proceedings were instituted against me, based upon certain transactions in which I have participated, I could not successfully defend the same."

The respondent now asserts that his only offense was the filing of bills of particulars in which the injuries of clients were falsely set forth. He urges that his resignation was ill-advised. He prefaces his application by much self praise and a plea for sympathy.

This is but another of many similar applications for reinstatement by attorneys who resigned rather than meet charges growing out of the aforesaid investigation. Such requests are generally made when witnesses are dead or have disappeared.

Evidently in anticipation of a subsequent application by this respondent for readmittance to the bar the deputies who had charge of the investigation prepared a report of the facts developed, a copy of which is annexed to the affidavit of the Bar Association in opposition to the application. The investigators therein reach the conclusion that the applicant was an accomplice of Bornstein and that his acts were such as to warrant his disbarment. That is the only conclusion that reasonably could be reached upon the facts set forth in the report.

The application should be denied.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, COHN and CALLAHAN, JJ.

Motion denied.